# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MYREONA STEWART,

    **Plaintiff,**

    v.

ALON MANAGEMENT V, LLC, THE SAVAGE GROUP, LLC, and MOHAMED BECHIR ARAISSIA,

    **Defendants.**

Case No. 18-2392-JAR-KGG

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Myreona Stewart's Response to the Court's June 13, 2019 Notice and Order to Show Cause (Doc. 29) why this case should not be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b), given the lack of activity in this case by any appearing party for several months, including corporate Defendants' failure to answer or otherwise plead. The Court also noted that Plaintiff had failed to serve Defendant Mohamed Bechir Araissia, despite being given three extensions of time. As described more fully below, the Court grants Plaintiff one final extension of time to accomplish service on Mr. Araissia. No further extensions will be allowed. If Plaintiff is unable to accomplish service by August 7, 2019, Defendant Araissia will be dismissed without prejudice. The Court also sets deadlines for the corporate Defendants to seek leave to answer out of time, the parties to file a joint notice of settlement, or Plaintiff to apply for a clerk's entry of default. Absent one of these three actions by the deadlines set herein, the corporate Defendants may be subject to dismissal without prejudice under Rule 41(b) for failure to prosecute.

Plaintiff filed her original Complaint in this matter almost one year ago, on July 27, 2018.[1] She timely served summons and the Complaint on the corporate defendants. Plaintiff filed an untimely Amended Complaint on December 21, 2018.[2] Beginning on October 24, 2018, Plaintiff sought and was granted three extensions of time to serve Defendant Araissia.[3] The most recent extension was granted on March 19, 2019, giving Plaintiff until April 11, 2019 to serve Mr. Araissia.[4] More than two months having passed, seeing no indication of service on Mr. Araissia filed in this case, and seeing no responsive pleadings by the corporate Defendants,[5] the Court issued its Notice and Order to Show Cause.

Fed. R. Civ. P. 4(m) states the relevant rules for the timing of service of process:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[6]

To demonstrate good cause, the plaintiff must make a showing greater than excusable neglect.[7] The Tenth Circuit has explained that even if a plaintiff has not shown good cause for the failure

---

[1] Doc. 1.

[2] *See* Docs. 17, 18.

[3] Docs. 13, 19, 27. Contrary to Plaintiff's representation in her response to the order to show cause, these extensions were not all unopposed by the corporate defendants. In a January 2, 2019 Motion to Reconsider, the corporate defendants objected to Judge Gale's decision to grant Plaintiff's second motion for extension of time, arguing that the additional time to secure service of process would cause unnecessary delay and prejudice. Doc. 21.

[4] Doc. 28.

[5] The Court is mindful that Defendants did not receive a ruling from Judge Gale on their alternative request in the motion to reconsider that their answer deadline be extended to fourteen days following the deadline for Plaintiff to serve Defendant Araissia. *See* Doc. 26. Yet, Defendants neither sought clarification of Judge Gale's ruling nor attempted to meet that alternative deadline.

[6] Fed. R. Civ. P. 4(m).

[7] *Value Place Franchise Servs., LLC v. Hugh Black-St. Mary Enters., Inc.*, No. 14-1152-DDC, 2015 WL 225790, at*3 (D. Kan. Jan. 16, 2015) (citing *Arey v. Progressive Halcyon Ins. Corp.*, No. 05-2553-JWL, 2007 WL 1018798, at *2 (D. Kan. Apr. 3, 2007)).

to timely effect service, the district court should still consider whether a permissive extension of time may be warranted.[8]  "At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.[9]  The Court is to consider several factors that include (1) whether the applicable statute of limitations would bar the refiled action and (2) whether Defendants have been prejudiced by the delay of service.[10]

The Court does not decide whether Plaintiff has made a showing of good cause because even if she could not demonstrate good cause, the Court would grant a short permissive extension of time for service.  Based on the current posture of this case, the Court cannot find prejudice from Plaintiff's delay in service—the other defendants have not yet answered the complaint or otherwise defended in this action.  Moreover, it appears that the statute of limitations may bar a refiled action.  Therefore, the Court concludes that a **final** extension of time until August 7, 2019, is warranted to allow Plaintiff to accomplish service on Mr. Araissia.  If Plaintiff fails to serve Mr. Araissia by that deadline, the Court will dismiss him from this matter without prejudice under Rule 4(m).

Plaintiff's response to the Notice and Order to Show Cause does not make clear the status of the remaining defendants.  Plaintiff represents that the parties are in settlement negotiations, but also insists that the case should proceed to a Scheduling Conference without Mr. Araissia, even though the corporate Defendants have not yet answered or otherwise pled.  Therefore, the Court will set deadlines for the corporate defendants to seek leave to answer out of time, and for Plaintiff to seek default.  If no action is taken as to the corporate Defendants by the deadline set

---

[8]*Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[9]*Id.*

[10]*Id.* at 842; *Spiess v. Meyers*, 483 F. Supp. 2d 1082, 1097 (D. Kan. 2007) (citations omitted).

in this Order, the Court may dismiss the claims against them for failure to prosecute under Rule 41(b).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted one **final** extension of time to serve Mohamed Bechir Araissia until **August 7, 2019**. If Plaintiff fails to serve Mr. Araissia by that deadline, the Court will dismiss him from this matter without prejudice under Rule 4(m).

**IT IS FURTHER ORDERED** that Defendants Alon Management V, LLC and The Savage Group, LLC, have until **August 14, 2019**, to seek leave to answer or otherwise plead out of time. Alternatively, the parties may file a joint notice of settlement up to and including **August 14, 2019**. If Defendants do not seek leave to answer or otherwise plead out of time, and the parties do not notify the Court in a joint filing that the case has settled, Plaintiff may file a motion for entry of default up to and including **August 21, 2019**. If nothing is filed by the parties by these deadlines, Alon Management V, LLC and The Savage Group, LLC, will be subject to dismissal without prejudice under Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

Dated: July 18, 2019

s/ Julie A.Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
